UNITED STATES BANKRUPTCY COURT
District of Colorado, Denver Division

In Re

Witte, John M.                                    ) Case No: **17-13484 EEB**
                                                  )
                                                  ) Chapter 13
Debtor(s)                                         )

**AMENDED CHAPTER 13 PLAN
INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS**

**CHAPTER 13 PLAN:** This chapter 13 plan dated <u>June 28, 2017</u> supersedes all previously filed plans.

**NOTICE TO CREDITORS:** THIS PLAN MAY MODIFY YOUR RIGHTS. If you oppose any provision of the plan you must file an objection with the bankruptcy court by the deadline fixed by the court. (Applicable deadlines given by separate notice.) If you do not file a timely objection, you will be deemed to have accepted the terms of the plan, which may be confirmed without further notice or hearing.

**MOTIONS FOR VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. § 506:** (Check any applicable box(es)):

   [ ]   This plan contains a motion for valuation of personal property collateral and determination of secured status under 11 U.S.C. § 506.

   [ ]   The debtor is requesting a valuation of real property collateral and determination of secured status under 11 U.S.C. § 506 by separate motion. List status of motion here (i.e.. date filed, date granted, to be filed contemporaneously, etc.)

**SECURED CLAIMS SUBJECT TO VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. § 506** (additional detail must be provided at Part IV of the plan):

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) |
|---|---|
| None | |

I.  **BACKGROUND INFORMATION**

   A.  Prior bankruptcies pending within one year of the petition date for this case:

| Case Number & Chapter | Discharge or Dismissal / Conversion | Date |
|---|---|---|
| None | | |

   B.  The debtor(s):        [X] is eligible for a discharge; or

   C.  Prior states of domicile:     within 730 days <u>N/A</u>
                                     within 910 days <u>N/A</u>

   The debtor is claiming exemptions available in the [X] state of <u>Colorado</u> or [ ] federal exemptions.

   D.  The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. § 101(14A). Notice shall be provided to these parties in interest:

1

1. Spouse/Parent <u>N/A</u>
2. Government <u>N/A</u>
3. Assignee or other <u>N/A</u>

**The debtor [ ]** has provided the Trustee with the address and phone number of the Domestic Support Obligation recipient or **[X]** cannot provide the address or phone number because it/they is/are not available.

E. The current monthly income of the debtor, as reported on Interim Form B22C is **[ ]** below, **[ ]** equal to, or **[X]** above the applicable median income.

## II. PLAN ANALYSIS

### A. Total Debt Provided for under the Plan and Administrative Expenses

1. Total Priority Claims (Class One)
   a. Unpaid attorney's fees     $ <u>2,600</u>
      (Total attorney's fees are estimated to be $ <u>4,800</u> of which $ <u>2,200</u> has been prepaid.)
   b. Unpaid attorney's costs (estimated)     $ <u>157</u>
   c. Total Taxes     $ <u>0</u>
      (Federal $ <u>0</u>; State $ <u>0</u>; Other $ <u>0</u>)
2. Total of payments to cure defaults (Class Two)     $ <u>0</u>
3. Total payment on secured claims (Class Three)     $ <u>123,000</u>
4. Total of payments on unsecured claims (Class Four)     $ <u>0</u>
5. Sub-total     $ <u>125,757</u>
6. Total trustee's compensation (10% of debtor's payments)     $ <u>13,973</u>
7. Total debt and administrative expenses     $ <u>139,730</u>

### B. Reconciliation with Chapter 7

**THE NET PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES. THE REPLACEMENT VALUES MAY APPEAR IN CLASS THREE OF THE PLAN.**

1. Assets available to Class Four unsecured creditors if Chapter 7 filed:
   a. Value of debtor's interest in non-exempt property     $ <u>78,776</u>

| Property | Value | Less costs of sale | Less Liens | x Debtor's Interest | Less Exemption | = Net Value |
|---|---|---|---|---|---|---|
| 1540 Meadow Lane, Steamboat Springs, CO 80487 | 575,000 | 46,000 | 580,734 | 100% | 75,000 | 0 |
| Alpine Bank | 300 | 0 | 0 | 100% | 0 | 300 |
| Two hand guns, AR 15, 12 gauge shotgun hunting rifle, SKS gun | 750 | 100 | 0 | 100% | 0 | 650 |
| Edward Jones brokerage account | 79,157 | 15,831 (est capital gain tax) | 0 | 100% | 0 | 63,326 |
| 2012 Polaris Snowmobile/Trailer | 8,000 | 1,000 | 2,800 | 100% | 0 | 4,200 |
| Alpine Bank (business - Zephyr Helicopter Services, Inc.) | 300 | 0 | 0 | 100% | 0 | 300 |
| Alpine Bank (business - A-1 Garage Door, Inc.) | 10,000 | 0 | 0 | 100% | 0 | 10,000 |

    b. Plus: value of property recoverable under avoiding powers:     $ <u>0</u>
    c. Less: estimated Chapter 7 administrative expenses:     $ <u>7,190</u>

2

    d. Less: amounts payable to priority creditors other than costs of administration: $ <u>0</u>
    e. Equals: estimated amount payable to Class Four creditors if Chapter 7 filed (if negative, enter zero) $ <u>71,586</u>

2. Estimated payment to Class Four unsecured creditors under the Chapter 13 Plan plus any funds recovered from "other property" described in Section III.A.3 below. <u>0</u> (see Section G)

## III. PROPERTIES AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

    A. The debtor submits to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the Plan, including:

        1. Future earnings of $ <u>2,313</u> per month which shall be paid to the trustee for a period of approximately <u>2</u> months, beginning <u>5/18/2017</u>. Future earnings of $ <u>30,000</u> per month which shall be paid to the trustee for a period of approximately <u>1</u> month, beginning <u>7/18/2017</u>. Future earnings of $ <u>1,843.92</u> per month which shall be paid to the trustee for a period of approximately <u>57</u> months, beginning <u>8/18/2017</u>

| Amounts | Number of Months | Total |
|---|---|---|
| 2,313 | 2 | 4,626 |
| 30,000 | 1 | 30,000 |
| 1,843.92 | 57 | 105,104 |

        2. Amounts for the payment of Class Five post-petition claims included in above $ <u>0</u>
        3. Other property (specify):

AT THE TIME THE FINAL PLAN PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTOR SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. § 1328(a) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C§ 1328(g)(1).

    B. The debtor agrees to make payments under the Plan as follows:
[ ] DIRECT PAYMENT: From Debtor to Trustee
[ ] VOLUNTARY WAGE ASSIGNMENT TO
EMPLOYER:
Paid in the following manner: $ <u>0</u> to be deducted .

## IV. CLASSIFICATION AND TREATMENT OF CLAIMS

CREDITOR RIGHTS MAY BE AFFECTED. A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THIS PLAN. CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE APPLICABLE PAYMENTS.

    A. **Class One – Claims entitled to priority under 11 U.S.C. § 507.** Unless other provision is made in paragraph V.(C), each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that the payments to the Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:

      1. **Allowed administrative expenses**
        a. Trustee's compensation (10% of amounts paid by debtor under this Plan)     $ <u>13,973</u>
        b. Attorney's Fees (estimated and subject to allowance)     $ <u>2,600</u>
        c. Attorney's Costs (estimated and subject to allowance)     $ <u>157</u>

2. **Other priority claims to be paid in the order of distribution provided by 11 U.S.C.§ 507 (if none, indicate)**
   a. Domestic Support Obligations: **A proof of claim must be timely filed in order for the Trustee to distribute amounts provided by the plan.**

   [ ] Priority support arrearage: The debtor owes past due support to _____
   in the total amount of $ _____ that will be paid as follows:

   [ ] Distributed by the Trustee pursuant to the terms of the Plan; or

   [ ] The debtor is making monthly payments via a wage order [ ] or directly [ ] (reflected on Schedule I or J) in the amount of $ _____ to _____. Of that monthly amount,
   $ _____ is for current support payments and $ _____ is to pay the arrearage.

   [ ] Other: For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the Court and submit to the Trustee an update of the required information regarding Domestic Support Obligations and the status of required payments.

   b. Federal Taxes                     $ <u>0</u>
   c. State Taxes                       $ <u>0</u>
   d. Other Taxes (describe):
      **None**                          $ <u>0</u>

   e. Other Class One Claims (if any) (describe):
      **None**                          $ <u>0</u>

B. **Class Two – Defaults**
   1. **Class Two A** (if none, indicate) – Claims set forth below are secured only by an interest in real property that is the debtor's principal residence located at <u>1540 Meadow Ln, Steamboat Springs, CO 80487-1729</u>. Defaults shall be cured and regular payments shall be made:

   [X] None

| Creditor | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per month to be Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

   2. **Class Two B** (if none, indicate) – Pursuant to 11 U.S.C. § 1322(b)(5), secured (other than claims secured only by an interest in real property that is the debtor's principal residence) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due. Defaults shall be cured and regular payments shall be made:

   [X] None

4

| Creditor | Collateral | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per month to be Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**3. Class Two C** – Executory contracts and unexpired leases are rejected, except the following which are assumed:

[X] None

| Other Party to Lease or Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | No. of Months to Cure | Regular Monthly Payment Made Directly to Creditor | Date of Payment |
|---|---|---|---|---|---|
| | | | | | |

IN THE EVENT THAT DEBTOR REJECTS THE LEASE OR CONTRACT, CREDITOR SHALL FILE A PROOF OF CLAIM OR AMENDED PROOF OF CLAIM REFLECTING THE REJECTION OF THE LEASE OR CONTRACT WITHIN 30 DAYS OF THE ENTRY OF THE ORDER CONFIRMING THIS PLAN, FAILING WHICH THE CLAIM MAY BE BARRED.

**C. Class Three – All other allowed secured claims** (other than those designated in Classes Two A and Two B above) shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:

**1. Secured claims subject to 11 U.S.C. § 506 (Real Property):** In accordance with FED. R. BANKR. P. 3012, 7004 and L.B.R. 3012-1, the debtor has filed and served a separate motion for valuation of collateral and determination of secured status under 11 U.S.C. § 506 as to the real property and claims listed on page 1 of this plan and below. The plan is subject to the court's order on the debtor's motion. If the court grants the debtor's motion, the creditor will have an unsecured claim in the amount of the debt as stated in any timely filed, allowed proof of claim, including such claims within thirty days from entry of an order determining secured status under FED. R. BANKR. P. 3002(c)(1) and (3). The creditors listed on page 1 and below shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328*, or, if the debtor is not eligible for discharge, upon the debtor's successful completion of all plan payments and the closing of the case.

[X] None

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) | Proof of Claim amount, if any |
|---|---|---|
| | | |

**2. Secured claims subject to 11 U.S.C. § 506 (Personal Property):** The debtor moves the court, through this chapter 13 plan, for a valuation of collateral and determination of secured status under 11 U.S.C. § 506 regarding the personal property and claims below. The creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. §1328 or payment in full under nonbankruptcy law.*

5

[X] None

a. The following creditors shall be paid the value of their interest in collateral. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Creditor | Description of Collateral | Confirmation Value of Collateral | Amount of Debt as Scheduled | Interest Rate | Adequate Protection Payment | Total Amount Payable |
|---|---|---|---|---|---|---|
| | | | | | | |

b. The following creditors shall be paid the remaining balance payable on the debt over the period required to pay the sum in full.

| Credito | Description of Collateral | Confirmation Value of Collatera | Amount of Debt as Scheduled | Interest Rate | Adequate Protection Payment | Total Amount Payable |
|---|---|---|---|---|---|---|
| | | | | | | |

If adequate protection payments are indicated, such payments will be made by the trustee to the creditors indicated above until such time that superior class creditors are paid in full. Any adequate protection payments made will be subtracted from the total amount payable. Unless otherwise provided, adequate protection payments will accrue from the date of filing but will not be made until the creditor has filed a proof of claim.

3. **Secured claims to which 11 U.S. C. § 506 shall not apply (personal property):** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

| Creditor | Description of Collateral | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|
| Sandra Phillips aka Sandra Graves | 1540 Meadow Ln, Steamboat Springs, CO 80487-1729 | 123,000 | N/A | 123,000 |

4. **Property being surrendered:** The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:
    [X] None

| Creditor | Property | Anticipated Date of Surrender |
|---|---|---|

Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim or an amended proof of claim to take into account the surrender of the property.

**IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF CREDITORS IN CLASS TWO AND/OR THREE, DEBTOR MUST SPECIFICALLY SERVE SUCH CREDITOR IN THE MANNER SPECIFIED IN FED. R.**

**BANKR. P. 9014 AND 7004.**

- D. **Class Four – Allowed unsecured claims not otherwise referred to in the Plan.** Class Four Claims are provided for in an amount not less than the greater of:

    1. The amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. § 1325(a)(4) as set forth in Part II; or
    2. Total disposable income for the applicable commitment period defined by 11 U.S.C. § 1325(b)(1)-(4).

    The monthly disposable income of $ <u>894</u> has been calculated on Form B22C (Chapter 13). Total disposable income is $ <u>53,640</u> which is the product of monthly disposable income of <u>894</u> times the applicable commitment period of <u>60 months</u>.

    a. [X] Class Four claims are of one class and shall be paid a pro rata portion of all funds remaining after payment by the Trustee of all prior classes; or

    b. [ ] Class Four claims are divided into more than one class as follows:

    A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), or (6), will share pro-rata in the distribution to Class Four. Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless ordered otherwise.

- E. **Class Five (if none, indicate) – Post-petition claims allowed under 11 U.S.C. § 1305.** Post-petition claims allowed under 11 U.S.C. § 1305 shall be paid as follows:
    [X] None

## V. OTHER PROVISIONS

A. Payment will be made directly to the creditor by the debtor(s) on the following claims:

| Creditor | Collateral, if any | Monthly Payment Amount | No. of Months to Payoff |
|---|---|---|---|
| Capital One Retail Services | 2012 Polaris Snowmobile/Trailer | 160 | 12 |
| Dubuque Bank and Trust | 1540 Meadow Ln, Steamboat Springs, CO 80487-1729 | 2,198 | 181 |

B. The effective date of this Plan shall be the date of entry of the Order of Confirmation.

C. Order of Distribution:

1. [X] The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in Classes Three, Four, and Five (strike any portion of this sentence which is not applicable). The amounts to be paid to the Class Three creditors shall be paid in full before distributions to creditors in Classes Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed. R. Bankr. P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Section IV.

2. [ ] Distributions to classes of creditors shall be in accordance with the order set forth above,

7

except:

**D. Motions to Void Liens under 11 U.S.C. § 522(f).**
In accordance with Fed. R. Bankr. P. 4003(d), the debtor intends to file or has filed, by separate motion served in accordance with Fed. R. Bankr. P. 7004, a motion to void lien pursuant to 11 U.S.C. § 522(f) as to the secured creditors listed below:

| Creditor | Collateral, if any | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
| Sandra Phillips aka Sandra Graves | 1540 Meadow Ln, Steamboat Springs, CO 80487-1729 | Filed on June 28, 2017 | Pending |

**E. Student Loans:**
[X] No student loans

**F. Restitution:**
[X] No restitution owed.

**G. Other:** Creditor Sandra Phillips aka Sandra Graves (who is the only non-mortgage secured and unsecured creditor) to be paid her full claim against Debtor as Class III creditor. By agreeing to this Amended Plan, Sandra Phillips aka Sandra Graves further agrees to Amend Claim Number 2-1 to reflect her entire claim of $123,000.

Debtor agrees to make a $30,000 lump sum payment for Trustee in month three (3) of Plan (the July 2017 payment), then amortized equal monthly payments of $1,843.92 shall resume for months 4 through 60 of the Plan.

Creditor Sandra Phillips aka Sandra Graves agrees to immediately and entirely release any remaining judicial lien (as to any secured interest that is not avoided per the Section 522(f) Motion filed) regarding Debtor's primary residence upon the successful completion of Plan payments and subsequent Chapter 13 discharge.

**VI. REVESTMENT OF PROPERTY IN DEBTOR**
All property of the estate shall vest in the debtor at the time of confirmation of this Plan.

**VII. INSURANCE**
Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will [ ] will not [ ] (check one) be obtained and kept in force throughout the period of the Plan.
[ ] Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

**VIII. POST-CONFIRMATION MODIFICATION**
The debtor must file and serve upon all parties in interest a modified plan which will provide for allowed priority and allowed secured claims which were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. § 1325(a)(4) may be increased or reduced with the modification if appropriate. The modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.

Dated: June 28, 2017

/s/ John M. Witte
_____
Signature of Debtor

8

Dated: June 28, 2017

/s/ David M. Serafin

---

Signature of Attorney
David M. Serafin 33686
Law Office of David Serafin
3773 Cherry Creek Dr N Ste 575
Denver, CO 80209
david@davidserafinlaw.com